No. 3373½

Second Circuit

MULLENS v. VICKSBURG, SHREVEPORT
& PACIFIC RAILWAY COMPANY

(November 8, 1928. Opinion and Decree.)

Crow and Coleman, of Shreveport, attorneys for plaintiff, appellant.

Wise, Randolph, Rendall and Freyer, of Shreveport, attorneys for defendant, appellee.

WEBB, J. The plaintiff brought this action to recover damages for personal injuries sustained by him resulting from a collision between an automobile driven by him and a train operated by defendant at a road crossing, which occurred about 7:30 a. m. on December 9, 1925.

He alleged that defendant was negligent in failing to give warning of the approach of the train to the crossing either by sounding the locomotive whistle or ringing the bell, which was denied by defendant, which also pleaded, in the alternative, and in event of its being found negligent, that plaintiff was guilty of negligence which contributed to the collision, in that he failed to take necessary precautions before driving upon the track, and that he drove upon the track in such close proximity to the train it was impossible for the trainmen to avoid the collision.

On trial plaintiff's demands were rejected and he appeals, urging that the preponderance of the evidence established that defendant was negligent and that such negligence was the proximate cause of the collision, and further that if the defendant was not negligent as alleged, that the evidence established that it had the last clear chance to avoid the collision.

The track of defendant at the point of collision runs approximately east and west and the roadway over which the automobile approached the track from the "stop" sign, which is about thirty feet from the track, comes to and crosses the track at right angles, and the evidence establishes that when his automobile reached the "stop" sign plaintiff stopped the machine for about five minutes, when he looked and listened, and not seeing nor hearing any train he started his automobile and drove it toward and onto the track at a speed of about five miles per hour, until the automobile was practically on the track, when he heard the warning signals from the locomotive followed almost immediately by the collision, and he attributes his failure to have seen or heard the approaching train when he stopped at the "stop" sign

to his ability to see only a short distance along the track from that point and the failure of the trainmen to give any signals of the approach of the train.

The evidence is somewhat conflicting as to whether or not there were any signals given, such as sounding the locomotive whistle or bell, of the approach of the train; in fact plaintiff and several other persons who were in a position to have heard the signals stated that they did not hear any, while four members of the train crew, consisting of the engineer, fireman, flagman and conductor, testified that the usual signals were given, and in view of the fact that of the plaintiff's witnesses only the plaintiff stated that he was listening for the signals, we cannot say that the preponderance of the evidence established that the signals were not given.

Aside, however, from the question of whether or not the signals were given, the evidence establishes that from the point where plaintiff stopped his automobile, to the track, he had a clear view along the track in the direction from which the train approached for about two thousand feet, and in view of the fact that the train was not running in excess of twenty-five miles per hour, and the automobile at five miles per hour, there is but one conclusion that can be reached for plaintiff's failure to have seen the approaching train, which is, that he only looked when he stopped at the "stop" sign, where he states he remained for about five minutes, and did not look when he started his car, or thereafter as he approached the track from the "stop" sign, as he frankly admitted.

The situation presented was certainly such that had he observed the track after leaving the "stop" sign he would have seen the approaching train, and the speed at which he was driving would have enabled him to have stopped his car and avoided the collision, and we are of the opinion that he was negligent in failing to observe the track at such time, and that the doctrine of the last clear chance is not applicable.

The judgment appealed from is therefore affirmed.